IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SEAN AARON HALL, <br><br> Plaintiff, <br><br> v. <br><br> SHERMAINE ALBERTO CARLISLE <br><br> Defendant. | Civil Action <br> File No. |

# COMPLAINT

On June 13, 2019, at 2:00 p.m., at the Newton County Jail, two inmates entered the jail cell of Plaintiff Sean Aaron Hall to attack him while a third held the cell door closed to prevent Plaintiff's escape.  The inmates beat Mr. Hall savagely, leaving him lying unconscious on the concrete floor.  While the attack initially appeared to be a simple inmate-on-inmate incident, the ensuing investigation revealed that Defendant Shermaine Alberto Carlisle, a jailer, allowed the inmates into Mr. Hall's cell for the express purpose of attacking him. On June 21, 2019, eight days after the assault on Mr. Hall, Carlisle was arrested and charged with assault, battery, false statements and concealment of the facts, as well as being found to violate numerous

1

performance and internal conduct standards of the Newton County Detention Center.

This is an action brought pursuant to O.C.G.A. §§ 51-1-13 and 51-1-14, as well as 42 U.S.C. §§ 1983 and 1988 and the Eighth and Fourteenth Amendments to the U.S. Constitution, against Defendant Shermaine Alberto Carlisle for Plaintiff's injuries.

## Parties, Jurisdiction, and Venue

1. Plaintiff Sean Aaron Hall is a natural person and citizen of the United States of America, residing in Newton County, Georgia, and is of full age.
2. Defendant Shermaine Alberto Carlisle is an individual who was, at all times relevant to the allegations in this complaint, an employee of the Newton County Sheriff's Office, acting under color of law.
3. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Eighth Amendment to the United States Constitution, as well as the Georgia Constitution and Georgia law.
4. All the parties herein are subject to the personal jurisdiction of this Court.
5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and N.D.L.R. 3.1B(3) because the event giving rise to this claim occurred in

Newton County, Georgia, which is situated within the district and divisional boundaries of the Atlanta Division of the Northern District of Georgia.

## Facts

6. On June 13, 2019, Plaintiff was an inmate at the Newton County Jail.

7. On that day, at 2:00 p.m., Plaintiff was attacked in his jail cell by two inmates, inmate Demonte Head and inmate Phillip Young, while a third inmate, inmate Raymond Victor, held the door closed to prevent his escape.

8. The attack of Plaintiff was facilitated by Defendant, a Newton County jailer, who orchestrated the attack with the three inmates.

9. Immediately before the attack, Defendant spoke at length with the three inmates at the control panel (the desk where the jailer sits).

10. The four men – Defendant Carlisle and the three inmates – agreed on the plan to violently attack Plaintiff.

11. Once Defendant Carlisle and the three inmates agreed on the plan, inmates Head and Young took off their Newton County Jail ID's, placed them on the table in front of Defendant Carlisle, and approached Plaintiff's cell.

3

12. While inmates Head and Young were approaching Plaintiff's cell, Defendant Carlisle released the lock on Plaintiff's cell door, allowing inmates Head and Young to gain access to Plaintiff's cell.

13. Inmates Head and Young entered Plaintiff's cell and violently attacked him, beating Plaintiff into unconsciousness and leaving him bleeding and unconscious on the floor.

14. While inmates Head and Young attacked Plaintiff, inmate Victor held the cell door closed, preventing Plaintiff's escape.

15. Carlisle's involvement in the attack was revealed when video of the incident was reviewed in the ensuing investigation.

16. The internal investigation concluded as follows:

> After reviewing the video surveillance as well as victim and witness interviews, Sgt. Cunningham determined that Head and Young would not have been able to physically assault Hall without the assistance of D/O Carlisle. D/O Carlisle played a vital role in the assault of Hall when he intentionally unlocked Hall's cell door. D/O Carlisle alone provided Head and Young access to Hall. According to the medical staffs notes, Hall had a laceration to the back of his head and was bleeding from the mouth...Because of D/O Carlisle's role in the assault of Hall, Sgt. Wade Freeman, CID Asst. Commander, secured arrest warrants for D/O Carlisle."

17. The day after the attack, during cell inspections, Defendant Carlisle's personal cellular phone number was found in inmate Victor's property.

18. At all times during the events described herein, Defendant Carlisle was acting under color of law.

## COUNT I
## Section 1983 – Excessive Force

19. Defendant used excessive force against Plaintiff in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution when he orchestrated a violent assault on Plaintiff with three Newton County Jail inmates and unlocked Plaintiff's cell door to allow the attack to occur.

20. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Williams for violations of Plaintiff's constitutional rights under color of law.

## COUNT II
## State Law – Assault and Battery (Officer Williams)

21. Defendant committed assault and battery against Plaintiff in violation of O.C.G.A. §§ 51-1-13 and 51-1-14 when he orchestrated a violent assault on Plaintiff with three Newton County Jail inmates and unlocked Plaintiff's cell door to allow the attack to occur.

22.     Plaintiff claims damages for the injuries set forth above under O.C.G.A. §§ 51-1-13 and 51-1-14 against Williams for violations of Plaintiff's rights under Georgia law.

## COUNT III
## Section 1983 Deliberate Indifference/Failure to Protect

23.     Defendant was acting within the scope of his employment as a state actor under the color of law during all events described in this Complaint.

24.     Defendant was subjectively aware of a substantial risk of serious harm to Plaintiff posed by inmates Head, Young, and Victor when Defendant orchestrated a violent assault on Plaintiff with three Newton County Jail inmates and unlocked Plaintiff's cell door to allow the attack to occur.

25.     Despite being subjectively aware of a substantial risk of serious harm to Plaintiff posed by inmates Head, Young, and Victor , Defendant took no action to protect Plaintiff; instead, Defendant orchestrated a violent assault on Plaintiff with three Newton County Jail inmates and unlocked Plaintiff's cell door to allow the attack to occur.

26.     Defendant's actions demonstrate a callous and conscious indifference to Plaintiff's safety.

27. Defendant's deliberate indifference caused Plaintiff to suffer a violent attack, leaving him bleeding and unconscious on the concrete floor of his cell and suffering from neurological problems including orienting, dizziness, heart palpitations, a laceration over his jaw that was one half inch long, blood in his mouth from an unknown source, and a laceration on the top of his head that was about a quarter inch long.

28. As a direct and proximate result of these acts and omissions, Plaintiff's constitutional rights were violated and he suffered serious and permanent injuries.

## Prayer for Relief

WHEREFORE, Plaintiff prays that this Court issue the following relief:

1) That process issue in accordance with the law;

2) That the Court award Plaintiff compensatory and general damages in an amount to be determined by the jury against the Defendants, jointly and severally;

3) That the Court award Plaintiff punitive damages in an amount to be determined by the enlightened conscience of the jury against the Defendants;

4) That the Court award costs of this action, including attorneys' fees, to Plaintiff, pursuant to U.S.C. § 1988 and other applicable laws regarding such awards;

5) That the Court award Plaintiff such other and further relief as it deems just and necessary; and

6) That Plaintiff be granted a trial by jury.

                              This 28th Day of August, 2020

                              **ESHMAN BEGNAUD, LLC**

                              /s/ Mark Begnaud
                              Mark Begnaud
                              Georgia Bar No. 217641
                              mbegnaud@eshmanbegnaud.com
                              Michael J. Eshman
                              Georgia Bar No. 365497
                              meshman@eshmanbegnaud.com

315 W. Ponce De Leon Ave
Suite 775
Decatur, GA 30030
404-491-0170