IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SEAN AARON HALL,<br><br>Plaintiff,<br><br>v.<br><br>SHERMAINE ALBERTO CARLISLE<br><br>Defendant. | Civil Action<br>File No. 1:20-cv-03564-WMR |

### Response to Court's Show Cause Order

Plaintiff herein responds to the Court's January 28, 2021 Order directing him to show cause why he has not moved for default. (Doc. 11.) Plaintiff herein states that he had been in communication with counsel for the Newton County Sheriff and that he had extended multiple extensions of Defendant's Answer deadline to allow the Newton County Sheriff to secure insurance coverage for Defendant Shermaine Alberto Carlisle. That attorney has recently informed Plaintiff that he did not represent Defendant, however. Plaintiff does not seek default because Plaintiff extended an extension to Defendant Carlisle's apparent agent. However, should that extension be ignored because the agency was apparent rather than actual, Plaintiff provides an Order granting Default Judgment herewith.

1

<u>Brief Facts and Discussion</u>

Plaintiff filed the complaint in this action – suit against a jailer for allowing Plaintiff to be violently attacked by two other inmates – on August 8, 2020 and served Defendant on October 6, 2020.  Prior to filing the complaint, Plaintiff had been in contact with attorney William Thomas "Tommy" Craig, attorney for the Newton County Sheriff.  Plaintiff had sent a settlement demand to Mr. Craig, Sheriff Brown, and the County's insurance carrier on April 17, 2020.  (<u>See</u> Exhibit A, affidavit of Mark Begnaud.) Ultimately, the carrier denied coverage and Plaintiff filed suit.

After filing suit, Plaintiff via counsel emailed with Mr. Craig to determine whether he would be representing Defendant and whether he could acknowledge service.  (<u>Id.</u>)  Mr. Craig had trouble contacting Defendant to acknowledge service, so Plaintiff had Defendant served on October 6, 2020. (<u>Id.</u>)  Plaintiff contacted Mr. Craig on that same day and informed him that Defendant had been served.  (<u>Id.</u>)  Mr. Craig asked for additional time to answer so that he could go back to the insurer and have the insurer reevaluate the coverage determination, and Plaintiff granted the request for an extension through December 2, 2020 to file an answer.  (<u>Id.</u>)  At the time, Plaintiff believed that Mr. Craig was Defendant Carlisle's counsel and had the authority to request an extension on behalf of Defendant Carlisle.

Plaintiff followed up with Mr. Craig throughout December and January and granted additional requests for extensions of the answer filing deadline because the insurer had not yet provided a final response. (Id.) Ultimately, on January 15, 2021, Mr. Craig informed Plaintiff that the insurer did not appear likely to cover Defendant and that Sheriff Brown had declined to defend Defendant in the action. (Id.) Mr. Craig informed Plaintiff that he had sent a letter to Defendant informing Defendant that Defendant was not being provided a defense and that Defendant was obligated to find his own counsel. (Id.) Mr. Craig also informed Plaintiff's counsel that he, Mr. Craig, had never represented Defendant in this action. (Id.) Plaintiff's counsel expressed surprise – it was his understanding that Mr. Craig had been Defendant's attorney throughout the extension discussions but was withdrawing from the representation – but Mr. Craig expressed that he had never represented Defendant in this matter. (Id.)

Plaintiff submits this factual backdrop to the Court so the Court can make the appropriate decision on whether to enter a default judgment. Plaintiff is not asking the Court to enter a default judgment because Plaintiff negotiated in good faith with Defendant's apparent agent and authorized extensions to the Answer deadline, so that the coverage determination could be made. With the new information that Plaintiff's communications were

3

with an attorney who did not represent Defendant, however, Plaintiff now questions the technical validity of those extensions.

Ultimately, Plaintiff believes it is in the interest of justice and fairness that Defendant be allowed until February 16, 2021, to submit an Answer should he so choose.  If the extensions provided to Defendant's apparent agent are null, however, Plaintiff submits herewith a draft Order granting default judgment.

This 5th Day of February, 2021

**ESHMAN BEGNAUD, LLC**

/s/ Mark Begnaud
Mark Begnaud
Georgia Bar No. 217641
mbegnaud@eshmanbegnaud.com
Michael J. Eshman
Georgia Bar No. 365497
meshman@eshmanbegnaud.com

315 W. Ponce De Leon Ave
Suite 775
Decatur, GA 30030
404-491-0170

## Certificate of Service

I hereby certify that I have this day delivered a paper copy of the foregoing **Response to Court's Show Cause Order** by first class mail to the following party:

>Shermaine Alberto Carlisle
>3319 Colony Drive
>Conyers GA 30013

This 2nd Day of November, 2020.

>/s/ Mark Begnaud
>Mark Begnaud
>Georgia Bar No. 217641
>mbegnaud@eshmanbegnaud.com